JORGENSON, J.
Janet Ramirez appeals a final order entering summary judgment in favor of the University in an action for medical malpractice. We affirm.
In 1993, Elvira Ramirez went to the emergency room of the University of Miami — Jackson Memorial Medical Center complaining of chest pains, nausea, and numbness in her left arm. A triage nurse misdiagnosed Elvira’s condition as non-cardiac and placed her in a waiting area. Two hours later, the doctor on duty in the emergency room attended to Elvira. By then she had suffered an acute myocardial infarction and stroke and had no vital signs. The doctor resuscitated Elvira but she sustained permanent and incapacitating brain damage. Elvira’s daughter, Janet, as guardian of her mother, brought suit against both the Public Health Trust of Dade County and the University of Miami.[1]
Since 1952, the Trust and the University have affiliated in the operation of Jackson Memorial Hospital. Jackson Memorial is not a legal entity and is only a designation of both parties’ affiliation. In 1985, this *1241 court held that the affiliation agreement between the Trust and the University rendered the University responsible for the medical malpractice at Jackson Memorial committed by a University faculty physician. See Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985). The affiliation agreement existing at that time required the University to provide professional care for all patients of the Trust. See id. at 242 n. 4. Following Jaar, the affiliation agreement was changed in an effort to shield the University from liability for any malpractice potentially committed by its faculty physicians at Jackson Memorial. The affiliation agreement today provides that the University shall permit its faculty physicians to apply to the Trust for staff privileges and contract with the Trust individually.
Unlike the plaintiff in Jaar, however, the plaintiff in this case does not allege medical malpractice by a University faculty physician in the treatment of a patient. Rather, the issue here is whether the University can be held liable for the promulgation of emergency room protocols and staffing at Jackson Memorial. As Janet Ramirez asserts, it was negligently developed emergency room protocols and insufficient staffing which required a nurse to diagnose potential cardiac patients, such as Janet’s mother, review their EKG studies, and alone determine if the patient should receive immediate medical attention. However, under the facts presented in this case, we hold that the University is not liable.
The committee responsible for promulgating the emergency room protocols consisted of, at least, five people. Of these five people, two were also faculty physicians at the University. The committee, as a group, functioned as the subcommittee on emergency care for the medical staff of Jackson Memorial Hospital. The committee promulgated the hospital’s emergency room policies and procedures subject to approval by the Trust, which had the ultimate fiscal responsibility. Membership of two faculty physicians on a hospital protocol committee does not give rise to liability. See § 154.11, Fla. Stat. (1995); Miami-Dade County, Fla., Ordinance ch. 25A (1973). Nothing in the affiliation agreement between the Trust and the University is inconsistent with the operational responsibility of Jackson Memorial resting with the Trust. On the contrary, the agreement reiterates the statutory obligation of the Trust to “exclusively exercise all powers of operation and governance” over Jackson Memorial. Interpretation of the statute and ordinance as well as the employment status of the two University faculty physicians who served on the subcommittee were questions of law that were properly resolved by the trial court. See Jaar v. University of Miami, 474 So.2d 239, 242 (Fla. 3d DCA 1985); Sosa v. Knight-Ridder Newspapers, 435 So.2d 821 (Fla.1983).
Affirmed.

. The Public Health Trust reached a settlement agreement with Janet Ramirez and is not a party to this appeal.